**UNITED STATES of America, Plaintiff,**

v.

**FAIRWAYS VILLAS CONDOMINIUM ASSOCIATION, Vicky Vaughn and Ruby Anne Bailey, Defendants.**

No. 5:94 CV 2148.

United States District Court, N.D. Ohio.

Jan. 3, 1996.

Annette G. Butler, Office of the U.S. Attorney, Cleveland, OH, for plaintiff.

L. James Martin, Martin & Durr, Stow, OH, for defendants.

### CONSENT ORDER

SAM H. BELL, District Judge.

This action was commenced by the United States of America on October 17, 1994, on behalf of Rebecca S. Woodruff pursuant to Section 812(o) of the Fair Housing Act, as amended, 42 U.S.C. § 3612(o) In its complaint, the United States alleged that Ms. Woodruff was a handicapped resident of the Fairway Villas Condominiums, a 170 unit condominium complex located in Uniontown, Ohio. The United States alleged that defendants failed to make a reasonable accommodation to Woodruff's request for a handicap parking space that was necessary to afford her an equal opportunity to use and enjoy a dwelling. These actions, according to the United States, violated the Fair Housing Act, as amended, 42 U.S.C. § 3604(f)(2)(A) and 42 U.S.C. § 3604(f)(3)(B). The United States alleged further that following Woodruff's complaint to the Department of Housing and Urban Development ("HUD"), in March 1992, the Secretary of HUD issued a Determination of Reasonable Cause and charge of Discrimination. Defendants elected to have the charge resolved in federal court, and pursuant to 42 U.S.C. § 3612(o), the United States filed this action in October 1994.

Defendants, the Fairway Villas Condominium Association and two individuals who had served as its president, filed an Answer to the United States' Complaint in which they deny the material allegations of the Complaint and that Defendants have violated the Fair Housing Act. This Court entered an order and judgment on March 13, 1995, dismissing the United States' claims on behalf of Rebecca S. Woodruff under the Fair Housing Act, and the United States filed a notice of appeal on May 5, 1995.

After engaging in the mediation procedures pursuant to Rule 18 of the Rules of the Sixth Circuit, the parties have agreed that in order to avoid the costs of further litigation, the controversy should be resolved. Therefore, without any admission of liability, the

parties have consented to the entry of this Order.

## I. INJUNCTION

It is hereby ORDERED, ADJUDGED AND DECREED that defendants, along with their officers, agents, employees, successors, and all persons in active concert or participation with any of them, are hereby permanently enjoined from:

A. Failing to make a reasonable accommodation in their rules, policies, practices, or services when such an accommodation is necessary to afford a handicapped person an equal opportunity to use and enjoy a dwelling, to the extent that to do so is within their legal power;

B. Coercing, intimidating, threatening, interfering or retaliating against a handicapped person on account of that person's exercise of his or her rights granted or protected by the Fair Housing Act, as amended; and

C. Otherwise violating the Fair Housing Act as amended.

## II. MONETARY RELIEF

Without any admission of any liability therefore, parties have settled and adjusted all claims for monetary relief which have been or could have been raised in this case by the United States or by the charging party, Rebecca S. Woodruff. Rebecca S. Woodruff shall execute a release signifying that the monetary relief received constitutes full settlement of any claims she may have related to the subject matter of this lawsuit through the date of the release. Upon compliance with the terms and provisions of the consent decree, defendants, and each of the unit owners of Fairway Villas, shall be fully and completely released from any and all claims arising out of this action.

## III. VACATUR OF ORDER AND JUDGMENT

It is further ORDERED that this Court's order and judgment of March 10, 1995 (en-

tered March 13, 1995) 879 F.Supp. 778, shall be vacated.

## IV. COSTS

Each party to this action shall bear its own costs.

## V. JURISDICTION

The United States District court for the Northern District of Ohio shall retain jurisdiction over this action for the purpose of adjudicating any disputes regarding the implementation or enforcement of the provisions of this Consent Decree.

ORDERED.